UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,
vs.


DSW SHOE WAREHOUSE, INC.
d/b/a DSW at 3301 Coral Way,
HART MIRACLE MARKETPLACE, LLC
C/O HEITMAN CAPITAL MANAGEMENT LLC PARTNERSHIP

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant DSW Shoe Warehouse, Inc. doing business as DSW shoe store at 3301 Coral Way and Defendant Hart Miracle Marketplace, LLC c/o Heitman Capital Management LLC Partnership, for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189.  This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant DSW Shoe Warehouse, Inc. (also referenced as "Defendant DSW," "tenant," "operator," lessee" or "co-Defendant") is a foreign corporation authorized to transact business in Florida. "DSW" stands for "Designer Shoe Warehouse." In March 2019, DSW rebranded their corporate name to "Designer Brands." DSW Shoe Warehouse, Inc. is a subsidiary of Designer Brands Inc., which is an American company that sells designer and name brand shoes and fashion accessories. The parent is a NYSE company on the Fortune 500 component. The parent company operates 501 retail stores throughout the United States.

6. Defendant Hart Miracle Marketplace, LLC c/o Heitman Capital Management LLC Partnership (also referenced as "Defendant Hart LLC," "Lessor," "Owner," or "co-Defendant") is the owner of real property located at 3301 Coral Way, Coral Gables, Florida 33145, which is also referenced as folio 01-4109-069-0020. Defendant Hart LLC's real property is built out as a mixed-use commercial center. Hart LLC leases its mixed-use commercial center (in part) to a Pet Smart retail store, a Hooters restaurant, an LA Fitness Athletic club and the DSW shoe store which is the subject of this instant action. The DSW

shoe store is the portion of Defendant Hart LLC's commercial property which is leased to co-Defendant DSW who in turn owns and operates the "DSW" brand shoe store.

## FACTS

7. DSW shoe stores mainly sell designer and name brand shoes and fashion accessories. All DSW shoe stores are places of public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5) as an "other" sales establishment. The DSW shoe store located at 3301 Coral Way which is the subject of this complaint is also referenced as "DSW shoe store," "DSW shoe store at 3301 Coral Way," "shoe store," or "place of public accommodation."

8. As the operator of shoe stores which are open to the public, Defendant DSW is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a shoe store; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

9. Due to the close proximity to Plaintiff's home to the DSW shoe store at 3301 Coral Way, on May 26, 2021 Plaintiff went to the DSW shoe store with the intent of shopping for items for purchase.

10. On entering the DSW shoe store, Plaintiff had occasion to visit the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair.

11. Due to the inaccessible restroom facilities, Plaintiff has been denied full and equal access by the operator/lessee of the shoe store (Defendant DSW) and by the owner/lessor of the commercial property which houses the shoe store (Defendant Hart LLC).

12. As owner/operator of 501 shoe stores, Defendant DSW is well aware of the ADA and the need to provide for equal access in all areas of its shoe stores. Therefore, Defendant DSW's failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its DSW shoe store at 3301 Coral Way is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

13. As the owner of commercial real property, part of which is operated as a shoe store open to the public, Defendant Hart LLC is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). On information and belief, as an investor and owner of commercial property being used as a public accommodation, Defendant Hart LLC is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons at its commercial property by ensuring that its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

14. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

15. Plaintiff continues to desire to patronize the DSW shoe store at 3301 Coral Way, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

16. Any and all requisite notice has been provided.

17. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

18. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

19. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

20. Prior to the filing of this lawsuit, Plaintiff personally visited the DSW shore store at 3301 Coral Way, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers when he went to the restroom. Therefore, Plaintiff has suffered an injury in fact.

21. Defendant DSW (operator of the DSW shoe store which is located at 3301 Coral Way) and Defendant Hart LLC (owner/lessor of the commercial property located at 3301 Coral Way) have discriminated (and continue to discriminate) against Plaintiff by

denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the subject DSW shoe store, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

22.     Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the DSW shoe store at 3301 Coral Way.

23.     Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

24.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

25.     The commercial space which is owned by Defendant Hart LLC (owner/lessor) and which houses the DSW shoe store (operated by tenant/lessee Defendant DSW) is in violation of 42 U.S.C. §12181 *et. seq.*, the ADA, and 28 C.F.R. §36.302 *et. seq.* As such, both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

i. As to Defendant DSW (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty opening the door without assistance as it required too great a pressure for Plaintiff, confined to his wheelchair to open, thus the bathroom door has a non-compliant opening force, which is in violation of Section 4.13.11 of the ADAAG and 404.2.9 of the 2010 ADA Standards for Accessible Design.  Failure to provide a restroom door which is accessible is a violation of the 2010 ADA Standards for Accessible Design as the door leading into the bathroom generates pull strength that cannot be opened by an individual in a wheelchair. Section 404.2.7 states that operable parts on doors and gates must comply with 309.4 and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum. Section 404.2.8.1 requires that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum, and 404.2.8.2 delineates door closing speed.  Defendants are in violation of all of these sections.

ii. As to Defendant DSW (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the lavatory stall door without assistance, as the bathroom toilet compartment stall door does not have pull handles on both sides of the door near the latch, which is in violation of 28 C.F.R. Part 36, and ADA/ABA Design Compliance Code Section §604.8.1.2.

iii. As to Defendant DSW (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can). The fact that the trash bin is encroaching over the

        accessible water closet clear floor space is a violation of Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards for Accessible Design.

iv. As to Defendant DSW (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet without assistance, as the toilet is mounted in a non-compliant distance from the sidewall. This is a violation of Sections 4.16.2 of the ADAAG and Sections 604.2 of the 2010 ADA Standards for Accessible Design.  According to Section 4.16.2 at Fig 28, the toilet should be mounted 18 min (455 mm) from the side wall (to the center line of toilet). The secondary side wall mount shall be either mounted 18 min (455 mm) from the side wall (to the center line of toilet) or min (1065 cm) from the secondary side wall (to the center of the toilet).

v. As to Defendant DSW (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff could not use the seat cover dispenser without assistance, as it is mounted behind the water closet and out of reach for Plaintiff due to his disability. This is a violation of Section 4.2.5 at Fig. 5(b) of the ADAAG and Section 308.2.1 of the 2010 ADA Standards for Accessible Design. Generally, the standards which require dispensers such as a seat cover dispenser be placed so that the maximum high forward reach is 48 in (1220 mm) and the minimum low forward reach is 15 in (380 mm) (see Fig. 5(a)). However, in this instance, due to the obstruction (of the toilet) to the seat cover dispenser, since the high forward reach is over an obstruction, Section 4.2.5 states that reach and clearances must meet those shown in Fig. 5(b), so that the maximum high forward reach is 46 in (1170 mm) and the minimum low forward reach is 34 in (865 mm).

    vi.    As to Defendant DSW (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet without assistance, as the toilet paper dispenser is not in the proper position in front of the water closet or at the correct height above the finished floor, in violation of 2010 ADAAG §§604, 604.7 which states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. Section 604.9.6 further states that there must be a clearance of 1½ inches (38 mm) minimum below the grab bar and that dispensers shall not be of a type that controls delivery or that does not allow continuous paper flow. The subject toilet paper dispenser is in violation of these sections.

    vii.    As to Defendant DSW (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), the lavatory mirror (inside the stall) is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the 2010 ADA Standards for Accessible Design.

    viii.    As to Defendant DSW (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes (inside the stall) and water supply lines are not completely wrapped which is in violation of Section 4.19.4 of the ADAAG and

        Section 606.5 of the 2010 ADA Standards of Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

ix.    As to Defendant DSW (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes (outside the stall) and water supply lines are not completely wrapped which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards of Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

26.    Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the commercial property which is being operated as a DSW shoe store accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

27.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the shoe store therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against the Defendant Hart Miracle Marketplace, LLC (owner of the commercial property housing the DSW shoe store) and Defendant DSW Shoe Warehouse, Inc. (operator of the DSW shoe store) and requests the following relief:

    a)    The Court declare that Defendants have violated the ADA;

    b)    The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c)  The Court enter an Order requiring Defendants to alter the commercial property and the DSW shoe store located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d)  The Court award reasonable costs and attorneys fees; and

e)  The Court award any and all other relief that may be necessary and appropriate.

Dated this 9th day of June 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*